# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# MISSOULA DIVISION

| | |
|---|---|
| DARRIN CADY,<br><br>   Plaintiff,<br><br>   vs.<br><br>JUDGE JEFFREY LANGTON, BILL FULBRIGHT, NICHOLAS MILLER, LT. LEETE, PEPPER (LNU), DIANE (LNU) and SHERIFF HOFFMAN,<br><br>   Defendants. | Cause No. CV 12-00081-M-DLC-JCL<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Darrin Cady is a prisoner proceeding in forma pauperis so his Complaints are reviewed under 28 U.S.C. § 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) allow for the dismissal of a pro se prisoner complaint before it is served upon the defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

In a prior Order the Court determined that Cady's original Complaint alleging a purported civil rights claims under 42 U.S.C. § 1983 failed to state a claim upon which relief could be granted. He was, however, given an opportunity

1

to amend his excessive force allegations. Cady filed an Amended Complaint on August 22, 2012. Dkt. 7.

**I. Statement of the Case**

    **A.    Parties**

Cady is a prisoner proceeding without counsel. He is incarcerated at the Ravalli County Detention Center in Hamilton, Montana. Defendants named in the parties section of the Amended Complaint are: Judge Jeffrey Langton, 21st Judicial District; Bill Fulbright, Ravalli County District Attorney; Janet Cox, Records Manager at Montana State Prison; Don Spadone, Montana Contract Attorney; George Corn, former District Attorney; Allen Birdsong, Montana Contract Attorney; Lt. Scott Leete, Ravalli County Detention Center Jail Administrator; and two unnamed nurses with the Ravalli County Detention Center. Dkt. 7, pp. 3-4. Cady also names the State of Montana as a Defendant in the statement of claims section of his Amended Complaint. Dkt. 7, p. 5.

The following Defendants were named in the original Complaint but not in the Amended Complaint: Nicholas Miller, Public Defender; Pepper (Lnu), Public Defender's secretary; Diane (Lnu), Public Defender's secretary; and Sheriff Hoffman, Ravalli County Sheriff. Dkt. 2, pp. 4, 8. These defendants will be recommended for dismissal.

**B. Facts**

Cady did not provide a factual background regarding his claims. However, he raised similar issues in his petition for writ of supervisory control filed in the Montana Supreme Court and in his petition for writ of habeas corpus with this Court. From those cases, the Court has gleaned the following facts:[1]

On September 11, 1996, Cady plead guilty to criminal possession of dangerous drugs with intent to sell. Civil Action No. 12-CV-177-M-DLC-JCL, Dkt. 1-1, p. 5– Judgment of Conviction. Cady was represented by Don Spadone. *Id.* On January 22, 1997, Cady was given the following sentence: "the Defendant shall be imprisoned in the Montana State Prison at Deer Lodge, MT, for a period of TWENTY (20) years, with twelve (12) years of said sentence to be suspended subject to conditions set forth below." *Id.* Cady was represented by Allen Birdsong on appeal and during some state post-conviction proceedings. *Id.* at Dkt. 1, p. 9.

Cady was released on parole on June 18, 1999. *Id.* at p. 34–June 20, 2012

---

[1] A court may take judicial notice "'of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue.'" *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (*quoting United States ex. rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). Because the state court records have a "direct relation" to Cady's attempt to challenge his ongoing criminal proceedings, it is proper for this Court to take judicial notice of them.

Memorandum from Janet Cox, Records Manager at Montana State Prison. The Ravalli County Attorney filed a petition for revocation of suspended sentence on November 10, 2011. *Id.* at Dkt. 1-1, pp. 1-3. The petition alleged that Cady left the State of Montana in approximately 2003 and has failed to report to his Probation/Parole Officer since that time. The petition also alleged Cady committed seven other criminal offenses between 2003 and 2009. *Id.* A nationwide arrest warrant was issued and Cady was arrested in Arizona in March 2012. He is currently detained in the Ravalli County Detention Center. *Cady v. Langton*, OP 12-0352 (Mont. S.Ct July 10, 2012); Dkt. 2, p. 5.

On June 6, 2012, Cady filed a petition for writ of supervisory control with the Montana Supreme Court. Civil Action No. 12-CV-177-M-DLC-JCL, Dkt. 1-1, p. 9. On July 10, 2012, the Montana Supreme Court issued an opinion declining to exercise supervisory control stating the pleadings did not indicate what action the District Court had taken with respect to the petition to revoke, if any, and there was no indication that the District Court had proceeded under a mistake of law or that the remedy of appeal from any court action would be inadequate. The Court found that Cady had not established any of the factors essential to a claim for supervisory control. *Cady v. Langton*, OP 12-0352 (Mont. S.Ct July 10, 2012); Civil Action No. 12-CV-177-M-DLC-JCL, Dkt. 1-1, p. 20-22.

On July 10, 2012, Cady filed a motion to dismiss the probation revocation proceedings with the state district court. Civil Action No. 12-CV-177-M-DLC-JCL, Dkt. 1-1, p. 23. On October 23, 2012, Cady filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court alleging he is being denied due process regarding pending proceedings to revoke his suspended sentence. Civil Action No. 12-CV-00177-M-DLC-JCL. That matter is currently pending.

**C. Allegations**

In his original Complaint, Cady alleged he had been denied his right to due process and was illegally detained from March 14, 2012 to the present. Dkt. 2, p. 5, ¶ IV(A). He stated he was being held on a petition to revoke a suspended sentence that he never received and he made a vague reference to a possible claim of excessive use of force. Dkt. 2, pp. 5-6.

Cady was given an opportunity to amend his excessive force claim but instead of providing additional information on that claim, he raised four new claims regarding his current incarceration. In Count I, Cady alleges the State of Montana confuses a suspended portion of an "imprisonment" sentence at the state prison or a Department of Corrections "commitment" with a suspended "imposition" or "execution" of sentence. Dkt. 7, p. 5. He contends he is being held accountable a second time for a crime for which he has already been

5

prosecuted, convicted, and sentenced. Dkt. 7, p. 7. Cady names the State of Montana, Judge Langton, many other district judges, Bill Fulbright and many other Montana district attorneys as Defendants in this Count. Dkt. 7, pp. 5, 8.

In Count II, Cady alleges Defendant Janet Cox violated his right to due process by failing to recognize a law concerning the duration of parole and good time allowance. Dkt. 7, p. 10. Specifically, he alleges that based upon the laws in effect on January 22, 1997 (his original sentencing date) he should have received day-for-day good time credit while in prison and therefore should have discharged his sentence in January 2007. He contends Defendant Janet Cox's failure to understand the law has deprived him of the good time to which he is entitled. Dkt. 7, p. 12.

In Count III, Cady alleges the State of Montana, the 21st Judicial District Court, Judge Jeff Langton, former District Attorney George Corn, current District Attorney Bill Fulbright, Don Spadone, and Allen Birdsong violated his right to individual dignity by not considering his past and present mental illness and how it may have affected his decision making abilities. He contends he told his attorney at his 1996 sentencing hearing that he had been diagnosed as a paranoid schizophrenic. Dkt. 7, p. 13. He alleges delusions forced him to enter a plea agreement he did not want and now the court is doing it again. He contends the

court failed to recognize his mental defect and failed to follow the statute concerning mental defects. He argues Defendants did not request a complete forensic evaluation by qualified doctors to ascertain whether his diagnosed disorder had been a factor in his decision to enter a plea right before trial. Dkt. 7, pp. 14-15.

In Count IV, Cady alleges that Ravalli County medical staff are violating his right to personal dignity. He argues his Zen/Buddhist religious beliefs do not allow him to have unnecessary or man-made medications or any unnecessary tests. He alleges he had blood work done in Phoenix but Ravalli County medical staff want to do more blood work. He thinks the medical staff wants his blood to clone him in the future and that the County is controlled by some secret society he has offended. Cady refused the requested blood tests saying they are unnecessary since a doctor (apparently in Arizona) has already ordered that a colonoscopy be done. He complains that Scott Leete will not answer his grievances and the nurses, who will not give their names, will not observe his religious wishes against unnecessary tests and get his results from Phoenix. Dkt. 7, p. 17. He wants the colonoscopy that was ordered in Phoenix and for Lt. Leete to start answering his grievances. Dkt. 7, p. 21.

## II. 28 U.S.C. §§ 1915(e)(2), 1915A Review

There are several reasons why Cady's claims will be recommended for dismissal. First, most defendants are entitled to immunity or are not proper defendants to this action. Secondly, all claims challenging Cady's pending criminal proceedings, except those seeking monetary damages, are barred by the doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). The only defendant who could possibly be liable for monetary damages is Janet Cox for her alleged miscalculation of Cady's sentence. But that claim is untimely. All claims challenging Cady's prior convictions or the circumstances surrounding that conviction are barred by the applicable statute of limitations and the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Mr. Cady's personal dignity/medical care claim is completely unrelated to the rest of his claims and its joinder in this action violates Rule 20 of the Federal Rules of Civil Procedure.

This matter will be recommended for dismissal.

### A. Defendants

The State of Montana is protected from monetary damages by immunity under the Eleventh Amendment to the United States Constitution. U.S. Const. Amend. XI; *Edelman v. Jordan*, 415 U.S. 651, 664 (1974); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment does not bar

suits for prospective declaratory relief against state officials in their official capacity. *Idaho v. Couer d'Alene Tribe*, 521 U.S. 261 (1997); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997). It is not clear that Cady has named a any state official in his or her official capacity but regardless, as set forth below, all claims for declaratory relief must be dismissed without prejudice pursuant to *Younger*.

Judge Langton is entitled to judicial immunity for all actions arising from his judicial activities regarding Cady's criminal proceedings. Judges are absolutely immune from suit for judicial actions taken by them in the course of their official duties in connection with a case, unless those actions are taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Judicial immunity does not bar claims for injunctive relief against state court judges, *Pulliam v. Allen*, 466 U.S. 522 (1970), but any claims for injunctive or declaratory relief must be dismissed without prejudice pursuant to *Younger* as set forth below. All claims against Judge Langton must be dismissed.

Similarly, Bill Fulbright and George Corn are entitled to prosecutorial immunity regarding their actions in prosecuting Cady. Prosecutors are absolutely immune from suit for actions taken by them in performing the traditional functions of a prosecutor. *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997).

9

Finally, Mr. Spadone and Mr. Birdsong are not proper defendants in a § 1983 action since they are not state actors. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The Ninth Circuit Court of Appeals has held that by virtue of the Supreme Court's decision in *Polk County v. Dodson*, 454 U.S. 312 (1981), public defenders are not state actors within the meaning of § 1983 when performing traditional lawyer duties. *Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003)(en banc).

Defendants Langton, Fulbright, Corn, Spadone, Birdsong, and the State of Montana will be recommended for dismissal.

**B. Challenges to Criminal Proceedings**

1. Pending Criminal Proceedings

Counts I, II, and III all challenge, at least in part, Cady's pending criminal proceeding. As set forth in the Order of August 7, 2012 (Dkt. 5), the Court must abstain from adjudicating Mr. Cady's federal due process claims for injunctive and declaratory relief under *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* abstention applies differently to claims for monetary damages than it does to

claims for injunctive and declaratory relief. Where injunctive and declaratory relief is sought, a dismissal of those claims is appropriate. *Gilbertson v. Albright*, 381 F.3d 965, 981 (9th Cir. 2004). Accordingly, all claims for injunctive relief regarding Cady's pending criminal case will be recommended for dismissal without prejudice.

Where monetary damages are sought, the federal court should stay the matter under *Younger* rather than dismiss those claims until after the state court proceedings are no longer pending. *Gilbertson,* 381 F.3d at 981-982; s*ee also Los Altos El Granada Investors v. City of Capitola*, 583 F.3d 674, 689-690 (9th Cir. 2009). As set forth above, all claims against Defendants Langton, Fulbright, Corn, Spadone, Birdsong, and the State of Montana will be recommended for dismissal for other reasons. Thus, the only remaining Defendant against whom Cady could possibly obtain monetary damages is Defendant Janet Cox, Records Manager at Montana State Prison.

Ms. Cox is only named as a Defendant in Count II which alleges that she violated Cady's due process rights when he did not receive day-for-day good time credit while in prison. Dkt. 7, p. 12. Although Cady states he is entitled to good time while "in prison," it appears he is arguing he is entitled to good time for all time after he was sentenced in January 1997 including all time he served on parole

or on his suspended sentence.

As noted, Cady was sentenced on January 22, 1997 to a term of 20 years with 12 years suspended. He was released on parole on June 18, 1999 and served the remainder of his 8-year prison portion of his sentence on parole. On January 22, 2001, he began serving the 12-year suspended portion of that sentence. Civil Action No. 12-CV-177-M-DLC-JCL, Dkt. 1-1, pp. 34-35.

Cady points to Mont. Code Ann. § 46-23-216 which provides that a prisoner on parole is considered released on parole until the expiration of the maximum term or terms for which the prisoner was sentenced. Liberally construed, Cady seems to argue that since he was released on parole in 1999, he remained on parole until the expiration of his 20-year sentence. Because he would have been entitled to good time for that whole period, he contends he discharged his sentenced in January 2007 and Defendants cannot now lawfully revoke his suspended sentence.

This appears to be a complicated issue which has also been raised in state district court, before the Montana Supreme Court, and in Cady's recent federal petition for writ of habeas corpus. *Younger* dictates that this Court must abstain from determining whether Cady's argument has any merit. While *Gilbertson*, 381 F.3d at 981-982, holds that claims for monetary relief should be stayed until the conclusion of state court proceedings, claims for monetary relief that are either

untimely or meritless on the pleadings need not be stayed. *Equity Lifestyle Props., Inc. v. County of San Juis Obispo*, 548 F.3d 1184, 1196 n. 23 (9th Cir. 2008). Cady's claims against Ms. Cox are untimely because they have not yet accrued.

When Cady's claims will accrue depends on whether they are properly viewed as false arrest/imprisonment claims or malicious prosecution claims. A false arrest/imprisonment claim accrues "when the alleged false imprisonment ends" – that being when "the victim becomes held pursuant to [legal] process." *Wallace v. Kato*, 549 U.S. 384, 388–89 (2007). "From that point on, any damages recoverable must be based on a malicious prosecution claim . . ." *Id*. at 390 (internal quotations omitted). Because Cady was detained pursuant to an arrest warrant, his claims against Cox are properly viewed as claims for malicious prosecution under § 1983.

But Cady has no complete cause of action for malicious prosecution under § 1983 unless and until the probation revocation proceedings are dismissed or overturned. *Heck v. Humphrey*, 512 U.S. 477 (1994). The *Heck* rule applies to alleged deprivations of good-time credits which would imply the invalidity of the deprivation of those good-time credits. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). It also applies to state parole revocation proceedings which have not otherwise been set aside or overturned. *See Williams v. Consovoy*, 453 F.3d 173,

177 (3rd Cir. 2006) (holding that prisoner may not attack the revocation of his parole via a § 1983 action because that revocation had not been rendered invalid); *White v. Gittens*, 121 F.3d 803, 807 (1st Cir. 1997) (concluding that a § 1983 claim based on revocation of parole was barred by *Heck*).

As such, Cady's malicious prosecution claims will not accrue until he has achieved a favorable termination of the pending revocation proceedings and his claims against Ms. Cox are premature.

### 2. Prior Criminal Proceedings

Count III alleges that some defendants failed to recognize Cady's mental health issues during his original criminal proceedings. As Cady was originally convicted in 1997, all claims arising from those criminal proceedings are barred by the applicable statute of limitations. The United States Supreme Court in *Wilson v. Garcia*, 471 U.S. 261 (1985), determined the applicable statute of limitations for claims filed pursuant to 42 U.S.C. § 1983 is the state statute of limitations governing personal injury actions. In Montana, that period is three years after the action accrues. Mont. Code. Ann. § 27-2-204(1). Cady was originally convicted fifteen years ago, well outside the statute of limitations.

In addition, to the extent Cady is challenging his 1997 conviction and/or sentence, his claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87

14

(1994).  In *Heck*, the United States Supreme Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal," or otherwise declared invalid, called into question by the issuance of a habeas writ, or expunged.  *Heck*, 512 U.S. at 487.

The 1997 conviction has not been reversed, overturned or otherwise declared invalid.  Thus, any such claims are barred by *Heck*.

**C.  Medical Care**

Cady's medical care/personal dignity claims were not raised in the original Complaint, they are unrelated to the claims raised in the original Complaint, and they are unrelated to the claims raised in the Amended Complaint.  Any attempt to include such claims with Cady's due process claims is improper under Federal Rule of Civil Procedure 20, titled Permissive Joinder of Parties.

Rule 20 is a flexible rule that allows for fairness and judicial economy.  The purpose of the rule is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.  *7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure* § 1652 at 371-72 (1986).  "Instead of developing one generalized test for

15

ascertaining whether or not a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20, the courts . . . have adopted a case by case approach." *Id.*, § 1653 at 382.

Rule 20(a)(2) imposes two specific requirements for the permissive joinder of defendants: (1) a right to relief must be asserted against each defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences; and (2) some question of law or fact common to all parties must arise in the action. Fed.R.Civ.P. 20(a)(2); *League to Save Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914 (9th Cir. 1977).

Cady's original Complaint and the majority of his Amended Complaint deal with his allegations that he is being illegally detained and denied his right to due process. Cady's medical care/personal dignity claims are unrelated to his original claims of due process violations and they involve completely different defendants. They do not arise out of the same transaction, occurrence, or series of transactions or occurrences as Cady's due process claims and they lack a question of law or fact common to all defendants.

### III. Conclusion

#### A. Leave to Amend

Cady's allegations fail to state a claim upon which relief may be granted. As

set forth above, the State of Montana is entitled to Eleventh Amendment immunity, Judge Langton is entitled to judicial immunity from monetary damages, Defendant Fulbright and Corn are entitled to prosecutorial immunity, and Defendants Birdsong and Spadone are not state actors and therefore not proper defendants in claims brought under 42 U.S.C. § 1983.

Cady's claims regarding his ongoing criminal proceedings are barred pursuant to *Younger* and should be dismissed without prejudice. Any claims regarding his 1997 conviction are barred by the statute of limitations and the *Heck* doctrine and should be dismissed with prejudice.

Cady's personal dignity/medical care claim against the unnamed nurses and Lt. Leete is recommended for dismissal pursuant to Rule 20 of the Federal Rules of Civil Procedure.

These are not defects which could be cured by amendment. The Complaint should be dismissed.

**B. Certification Regarding Appeal**

The Federal Rules of Appellate Procedure provide as follows:

[A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
(A) the district court-before or after the notice of appeal is

> filed-certifies that the appeal is not taken in good faith or finds that the
> party is not otherwise entitled to proceed in forma pauperis and states
> in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact. As such, no reasonable person could suppose an appeal would have merit. The Court should certify that any appeal of this matter would not be taken in good faith.

### C. Address Changes

At all times during the pendency of this action, Cady SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective

date.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

## RECOMMENDATION

1.  All claims should be dismissed without prejudice except Count III which should be dismissed with prejudice.

2.  The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.  The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Cady may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Cady files objections, he must itemize each factual finding to which objection is made and identify the evidence in the record he relies on to contradict that finding. In addition, he must itemize each recommendation to which objection is made and set forth the authority he relies on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Cady from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 29th day of November, 2012.

      /s/ Jeremiah C. Lynch
     Jeremiah C. Lynch
     United States Magistrate Judge