FILED
APR 24 2013
Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DARRIN CADY,<br><br>Plaintiff,<br><br>v.<br><br>JUDGE JEFFREY LANGTON, BILL FULBRIGHT, NICHOLAS MILLER, LT. LEETE, PEPPER (LNU), DIANE (LNU) and SHERIFF HOFFMAN,<br><br>Defendants. | Cause No. CV 12-00081-M-DLC<br><br>ORDER |

Plaintiff Darrin Cady filed a Proposed Amended Complaint against various defendants, alleging civil rights violations under 42 U.S.C. § 1983. He alleged that he was subjected to two sentences for the same crime in violation of the Double Jeopardy Clause and that he did not receive due process or equal protection with regards to Montana statutes governing sentencing, parole, and good time allowance. Cady asks that official investigations be made into how Montana handles probation and parole violations and into how the Montana State Prison's Records Department calculates good time credits and discharge dates. He also seeks damages for purported mental and physical injuries.

United States Magistrate Judge Jeremiah C. Lynch screened Cady's complaint under 28 U.S.C. §§ 1915 and 1915A. He entered Findings and

1

Recommendations on November 29, 2012, recommending the Amended Complaint be dismissed without prejudice for failure to state a claim, except Count III, which he recommended be dismissed with prejudice. Judge Lynch also recommended that, pursuant to F. R. App. P. 24(a)(3)(A), the docket should reflect that any appeal would not be taken in good faith. Cady timely filed objections and is therefore entitled to de novo review of the specified findings and recommendations to which he objects. 28 U.S.C. § 636(b)(1). Judge Lynch's remaining findings and recommendations will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach, Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

## I.     As a *Pro Se* Litigant, Cady's Claims are Liberally Construed

Cady begins by asking for leniency in these proceedings because he is not learned in the law and does not have a legal library to conduct legal research. (Doc. 9 at 1–2.) The Court appreciates Cady's concerns and notes that, since Cady's complaint was filed *pro se*, it will "be liberally construed" because "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations omitted). Moreover, Judge Lynch's recommendations to which Cady objected will be reviewed de novo, and the cases upon which Judge Lynch relied will be reviewed to determine whether they apply to Cady's claims.

2

Notwithstanding this deference, Cady's complaint may be dismissed if the Court determines he can prove "no set of facts in support of his claim[s] which would entitle him to relief." *Barrett v. Belleque*, 544 F.3d 1060, 1062 (9th Cir. 2008) (citations omitted).

## II. The Majority of Cady's Claims are Barred by Doctrinal Immunity

### A. *Sovereign Immunity*

In his Amended Complaint, Cady names the State of Montana as a Defendant. (Doc. 7 at 5.) Though the Eleventh Amendment does not expressly bar suits against a state brought by its own citizens, "the Supreme Court has 'consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state.'" *Mont. v. Peretti*, 661 F.2d 756, 758 (9th Cir. 1981) (quoting *Edelman v. Jordan*, 415 U.S. 651, 662–663 (1974)). Cady's claims against the State of Montana cannot stand in federal court unless the State has explicitly waived its immunity. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 70 (1989). Though a Montana "governmental entity is subject to liability for its torts and those of its employees acting within the scope of their employment or duties[,]" Mont. Code Ann. § 2–9–102 (2011), Montana has not waived its Eleventh Amendment immunity to suit in federal court for tort actions. *Peretti*, 661 F.2d at 758. Thus, Cady's claim against the State of Montana must be dismissed.

3

### *B. Judicial and Prosecutorial Immunity*

Despite Cady's claim that he should be permitted to pursue his claims against Judge Langdon and the former and current Ravalli County District Attorneys because § 2-9-102 permits an action against state employees, these actions are barred by the doctrines of judicial and prosecutorial immunity. Judicial immunity is overcome only where a judge takes actions not in a judicial capacity or when a judge acts in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). "A judge is not deprived of immunity because he takes actions which are in error, are done maliciously, or are in excess of his authority." *Meek v. County of Riverside*, 183 F.3d 962, 966 (9th Cir. 1999) (citing *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). The Ninth Circuit has broadly construed judicial immunity, stating:

> We therefore hold that a conspiracy between judge and prosecutor to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges and prosecutors. As long as the judge's ultimate acts are judicial actions taken within the court's subject matter jurisidiction, immunity applies.

*Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986). Jurisdiction should be broadly construed to effectuate the policies supporting immunity. *Id.* at 1076.

Cady generally claims Judge Langdon lacked jurisdiction to revoke the conditional release portion of Cady's sentence. (Doc. 9 at 9.) However, in Montana, a judge has the authority to order a revocation for a violation of any

4

condition of a sentence or a deferred imposition of sentence or any condition of supervision after release from prison. Mont. Code. Ann. § 46–18-203(1). Even if Judge Langdon acted in error, there is no indication that he acted outside of the scope of this prescribed power, and thus no demonstration that he acted in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11–12 .

Although judicial immunity does not bar prospective injunctive relief against state court judges acting in their official capacities, *Pulliam v. Allen*, 496 U.S. 522 (1984), any purported claim for injunctive relief against Judge Langdon is barred by *Younger* as discussed below. Thus, Cady's claims against Judge Langdon must be dismissed.

Likewise, Cady's reliance on § 2–9–102 for his claims against George Corn and Bill Fullbright is ill-founded as prosecutors are absolutely immune when performing traditional prosecutorial functions. *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997). Prosecutorial functions include decisions and recommendations regarding the continuation of the sentencing process. § 46–18–203(6)(a) (prosecutor must prove "a violation of: (i) the terms and conditions of suspended or deferred sentence; or (ii) a condition of supervision after release"); *Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 750–751 (9th Cir. 2009) (prosecutor afforded absolute immunity for parole recommendations because they are a continuation of

sentencing process). Thus, the claims against Defendants Fullbright and Corn must be dismissed based on prosecutorial immunity.

Judge Lynch recommends that Defendants Spadone and Birdsong be dismissed because they are not state actors within the meaning of § 1983. Cady has not objected to this recommendation. Further, the recommendation appears correct. *Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc). Thus, the claims against Defendants Spadone and Birdsong are dismissed.

### III. Cady's claims are barred by the *Younger* doctrine

*Younger* abstention bars this Court from considering requests for declaratory and monetary relief for constitutional injuries arising out of a plaintiff's ongoing state criminal prosecution. *Mann v. Jett*, 781 F.2d 448, 1449 (9th Cir. 1986) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). In applying the *Younger* doctrine, the critical determination is whether the state proceeding was ongoing as of "the date the federal action was filed." *Gilbertson v. Albright*, 381 F.3d 965, 969 n. 4 (9th Cir. 2004). Abstention is required if there are ongoing state judicial proceedings that implicate important state interests and provide an adequate opportunity to raise federal claims. *Hirsh v. Justices of the Sup. Ct. of the St. of Cal.*, 67 F.3d 708, 712 (9th Cir. 1995). If the *Younger* doctrine applies, this Court must dismiss claims for injunctive and declaratory relief, but may stay claims for monetary damages. *See Gilbertson*, 381 F.3d at 981.

6

As noted by Judge Lynch, Cady's claims involve a complicated issue of state law dealing with the calculation of Cady's sentence and good time credits. (Doc. 8 at 12.) Judge Lynch found, and Cady has not disputed, that Cady had ongoing state judicial proceedings at the time this § 1983 action was filed. (Id.) Moreover, Montana has a strong interest in enforcing and effectuating its sentencing statutes, and Cady has not demonstrated that he cannot present his federal constitutional claims in state court. *See Penzoil v. Texaco*, 481 U.S. 1, 14–15 (1987) (federal plaintiff bears burden of showing state procedural law bars presentation of constitutional claims). Thus, pursuant to *Younger*, this Court must abstain from reaching the merits of Cady's argument regarding injunctive and declaratory relief.

Since Cady's claims against Defendants Langton, Fulbright, Corn, Spadone, Birdsong, and the State of Montana must be dismissed on immunity grounds, the only remaining Defendant from whom Cady may possibly obtain money damages is Defendant Cox. Though a stay for a damages claim may be appropriate when injunctive and declaratory relief claims must be dismissed, *Gilbertson*, 381 F.3d at 968, a stay is not required when a claim "would be dismissed as untimely or meritless on the pleadings." *Equity Lifestyle Properties, Inc. v. County of San Luis Obispo*, 548 F.3d 1184, 1196 n. 23 (9th Cir. 2007). Cady has not objected to Judge Lynch's determination that his claims against Ms. Cox have not accrued and are

premature. There being no clear error in Judge Lynch's determination, his findings will be adopted and Cady's claims against Defendant Cox will be dismissed as untimely.

## IV. Cady's claims are barred by *Heck*

Cady's challenge to the revocation of his conditional release is also barred by *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). The *Heck* Court held that a § 1983 action for damages cannot stand if a judgment in the plaintiff's favor would render a conviction or sentence invalid where that conviction or sentence has not been reversed, expunged or called into question by issuance of a writ of habeas corpus. *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (quoting *Heck,* 512 U.S. at 486-487). In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court applied the *Heck* rule to a § 1983 action for deprivation of good-time credits because it would imply the invalidity of the deprivation of those good time credits. *Id.* at 648. The *Balisok* Court explained that *Heck* applies whenever "the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment." *Id.* at 645.

The Ninth Circuit has recognized a limited exception to the *Heck* bar where a plaintiff may pursue a § 1983 claim because habeas relief is unavailable. *Nonnette v. Small*, 316 F.3d 872, 877. The exception may apply when the plaintiff timely pursued appropriate relief from prior convictions and immediately pursued

8

relief after the incident giving rise to his claim. *Guerrero v. Gates*, 442 F.3d 697, 705. A plaintiff cannot use his failure to timely pursue habeas relief as a shield against *Heck*'s bar. *Id.*

As noted by Judge Lynch in another case, Cady pursued remedies in state court for his revocation but failed to do so through the normal channels for review. Subsequently Cady apparently aborted his pursuit. *Cady v. Attorney General of Montana*, CV 12-177-M-DLC-JCL, doc. 6 at 2 n.1 (D. Mont. Jan. 22, 2013). Cady has not responded to this Court's March 14, 2013 Order to explain the status of his revocation proceedings and his pursuit of other remedies. (Doc. 11.) Since the record does not demonstrate that Cady pursued appropriate relief from prior convictions or immediately pursued appropriate relief after the incident giving rise to his claim, *Nonnette*'s limited exception to the *Heck* bar does not apply here.

The record is void of evidence demonstrating that the revocation of Cady's conditional release has been reversed. If the Court agreed with Cady's claims that the state and county officials unconstitutionally revoked the conditional release of his sentence, the Court necessarily would imply the invalidity of the revocation or render his sentence invalid. Thus, Cady's claims regarding the revocation of his conditional release are barred by *Heck*, 512 U.S. at 486–487.

## V. Conclusion

9

In his objections, Cady seemingly attempts to add new Defendants, including Ravalli County, the Montana Attorney General, and the Code Commissioner. (Doc. 9 at 10, 12.) Since Cady did not add these Defendants in his Amended Complaint or move to join them in this action, these claims will be dismissed. Nevertheless, were these Defendants properly joined, the claims would be barred by *Heck* and the *Younger* doctrine.

Cady has not objected to Judge Lynch's recommendation that Count III be dismissed with prejudice for exceeding the applicable statute of limitations. Similarly, Cady has not objected to Judge Lynch's recommendation that his medical care and personal dignity claims were impermissibly joined because they do not arise out of the same transaction and involve different defendants than his claims regarding the revocation of his conditional release. There being no clear error in these recommendations, or any of Judge Lynch's remaining findings and recommendations, IT IS HEREBY ORDERED:

1. Judge Lynch's Findings and Recommendations (doc. 8) are ADOPTED in full.

2. Plaintiff's Amended Complaint (doc. 7) is DISMISSED without prejudice, except as to Count III, which is dismissed with prejudice.

3. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

4. The docket shall reflect that the Court certifies pursuant to Fed. R. App. P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.

Dated this 24th day of April 2013.

*Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court